Mario Pittoni, J.
Defendants move for an order pursuant to section 1451 of the Civil Practice Act, staying proceedings in this action pending a submission to arbitration of the disputes out of which the action arises. Plaintiff cross-moves for summary judgment.
The parties are physicians, who, prior to July 12, 1960, engaged in the practice of medicine as copartners pursuant to a written agreement which contained paragraph 16. It states: “ 16. In the event of any disagreement concerning the performance, construction, interpretation or termination of this agreement. same shall be settled by arbitration under the auspices of *813 the American Arbitration Association and the rules and methods prescribed by such Association.”
Disagreements having arisen between the parties, there were discussions relating to a dissolution of the partnership. These culminated in a meeting on July 12,1960, attended by Dr. Mason, his attorney, Dr. Spitzer and Jules A. Wiener, an attorney then representing Dr. Spitzer, and supposedly Dr. Pollock. A written agreement purporting to terminate the partnership and providing for payments to the plaintiff Dr. Mason by the defendants was signed by Dr. Mason and Dr. Spitzer and by Dr. Spitzer on behalf of Dr. Pollock. Thereafter, Dr. Pollock asserted he had not been informed as to certain terms of the agreement and refused to be bound by it; and Dr. Spitzer refused to make alone the payments agreed to be made.
An action was then brought by the plaintiff against Dr. Spitzer and Dr. Pollock for the balance due under the agreement. This motion is made to stay proceedings therein pending arbitration. It is resisted, and plaintiff seeks summary judgment on the theory that the agreement to arbitrate was abrogated by the agreement of July 12, 1960, purporting to terminate the partnership.
No language in the document of July 12, 1960 shows intention to cancel the partnership agreement. The purpose was to terminate the partnership. Concededly, the document of July 12,1960 has never been executed by one of the partners. Whether Dr. Spitzer was authorized to execute the agreement on behalf of Dr. Pollock is obviously a question which cannot be determined on these conflicting affidavits.
The controversy which has now arisen is clearly a disagreement concerning the termination of the agreement, and is accordingly arbitrable under the provision of the partnership agreement heretofore quoted.
Accordingly, the cross motion by the plaintiff for summary judgment is denied, and the motion for a stay of proceedings in the action pending arbitration is granted. Settle order on notice.